UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                        CRIMINAL ACTION NO. 3:07CR-25-S

LUCIANA DENISE MEADOWEAL                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Luciana Meadoweal, to suppress evidence seized from the vehicle she was driving in Louisiana on December 18, 2006.

The following facts are undisputed.  Unbeknownst to Meadoweal, Louisville Metro Police had obtained a warrant to install and had installed a tracking device in a silver Lincoln Towncar with Kentucky license plate number 438-EEV.  They sought the warrant after learning of the installation of a secret compartment in the vehicle by Big Time Customs, a Louisville business.

Louisville Police tracked the vehicle being driven by Meadoweal from Louisville to Texas and then, shortly thereafter, leaving the state.  Meadoweal's trip ended on December 18, 2006 in Louisiana when she was stopped on Highway I-10 by Deputies Darryl Vernon and Jacques LeBlanc of the St. Martin Parish Sheriff's Office.  This stop of the vehicle is the subject of Meadoweal's motion to suppress.

Meadoweal contends that the stop was a "mere pretext" and that she was detained for an unreasonable period of time.  She also claims that there was no reasonable suspicion of the presence of drugs to justify the use of a drug-sniffing dog to inspect the vehicle.  These arguments will be addressed seriatim.

Meadoweal claims that the stop of the vehicle was pretextual because she was stopped for partial obstruction of the vehicle's license plate. Meadoweal was, in fact, charged with improper display of a license plate under Louisiana law. Meadoweal does not dispute that the plate was obscured by a black ring. Rather, she contends that the officers should not have stopped her on this basis inasmuch as she had a Kentucky license plate in a frame which complied with the Kentucky Motor Vehicle Code. She urges that an out-of-state vehicle traveling through Louisiana with a lawful license plate from another state is not subject to such a stop. This was, however, only one of the bases for the stop of Meadoweal's vehicle. Meadoweal does not mention the other basis.

In his affidavit of December 18, 2006 supporting the charges, Deputy Vernon avers that the weather was foggy and Meadoweal was stopped for following to closely behind another vehicle. Meadoweal does not contest the weather conditions nor that she was also charged with this violation of the Louisiana Revised Statutes. *See,* Vernon Affidavit. Thus there appears to be no question that Meadoweal was stopped for more than one violation. For this reason, Meadoweal has failed to identify any evidence to suggest that the stop was pretextual.

Meadoweal contends that there was no reasonable suspicion that she was under the influence of any controlled substance and therefore there was no reasonable suspicion to justify the use of a drug-sniffing dog to inspect the vehicle.

Deputy Vernon recited in his affidavit the following interaction with Meadoweal:

I then advised the driver of the reason for the stop at which time she advised me that she was not familiar with the vehicle because she had just purchased it. I then asked the driver for her drivers license, registration and proof of insurance. The driver then handed me valid insurance, and Virginia drivers license # [redacted] which identified her as Luciana Meadoweal of Hopewell, Va. Ms. Meadoweal then handed me a title to the vehicle, which upon looking at the back side discovered that she had purchased the vehicle on December 16, 2006 from Square Deal Auto Sales in Louisville, Kentucky. I then asked the driver where she was coming from, she

replied "Fort Sam Houston, in San Antonio, Tx. where she had dropped her 10-year old daughter off to the daughters father." I then asked her how long had she been in San Antonio, she replied "The weekend." I then asked the driver how she could be in San Antonio for the weekend when she had purchased the car on Saturday, she then became nervous and replied "I left afterwards." I then asked the driver if she had anything illegal in her car, like Marijuana, she replied "she does not do drugs." I then asked her if she had any cocaine in the vehicle, she replied "No." I then asked the driver if she would allow me consent to search the vehicle, she immediately replied "No." Deputy Jacques LeBlanc then deployed K-9 Rex, at which time K-9 "Rex" alerted to the truck *[sic]* of the vehicle. During a probable cause search of the vehicle, Deputies observed discrepancies within the truck *[sic]* area of the vehicle, *i.e.*, after market, fresh putty outlining the inside of the truck *[sic]* area . . .

Again, Meadoweal does not deny that the conversation as recited in Deputy Vernon's affidavit occurred, nor does she argue that this interaction was insufficient to render the officers suspicious of criminal activity. The K-9 Rex was in the officer's vehicle. Vernon Aff. The immediate deployment of Rex to conduct a perimeter search of the vehicle was, therefore, pursuant to reasonable suspicion and justifiable. While Meadoweal urges generally that she was detained for an unreasonable time, she offers no evidence to contradict the fact that the drug dog was at the scene of the stop and was quickly deployed once the officers' suspicions were aroused.

The booking sheet indicates the time of the offense as "1205 hrs." and the time of the arrest at "1215 hrs." These times are consistent with the assertion that K-9 Rex was in the patrol car at the time of the stop and that the stop and investigation was of short duration.

Meadoweal states that:

After the long delay the canine team arrived and circled her vehicle several times without any alert from the canine whatsoever, until the dogs *[sic]* handler stayed in the trunk area for several minutes and practically pulled the dog on the trunk of petitioner's vehicle and claimed it was an alert from the dog.

Motion to Suppress, p. *2. These statements are wholly unsupported, non-specific as to time, and unsupported by any citation of authority substantiating a Fourth Amendment violation.

- 3 -

The motion of the defendant, Luciana Meadoweal, to suppress evidence (DN 64) is **DENIED**.

**IT IS SO ORDERED**.

cc:     Counsel of Record