UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                              CRIMINAL ACTION NO. 3:07CR-25-S

RICKEY CALLOWAY
LUCIANA DENISE MEADOWEAL                                              DEFENDANTS

**COURT'S INSTRUCTIONS TO THE JURY**

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in

deciding this case.  When I have finished you will go to the jury room and begin your deliberations.

It will be your duty to decide whether the United States has proved beyond a reasonable

doubt the specific facts necessary to find each defendant guilty of the crimes charged in the third

superseding indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against any defendant or the United States.

You must also follow the law as I explain it to you whether you agree with that law or not. You must follow all of the instructions as a whole; you may not single out, or disregard, any of the court's instructions on the law.

The indictment or formal charge against any defendant is not evidence of guilt. The defendants are presumed by the law to be innocent. The law does not require a defendant to prove innocence or produce any evidence at all. This means that a defendant has no obligation to testify. Therefore, if a defendant does not testify during a trial, you may not draw any inference or suggestion of guilt from that fact, nor may you consider this in any way in reaching your verdict. The United States has the burden of proving each defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that defendant not guilty.

While the United States' burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt.  It is only required that the United States' proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

You must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make. You need not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must consider the evidence, I do not mean that you must accept all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding how much of a witness' testimony to believe, I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth or a personal interest in the outcome of the case?  Did the witness have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony given before you during the trial.

However, a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that was simply an innocent lapse of memory or an intentional falsehood.

When knowledge of a specialized subject matter may be helpful to the jury, a person having training or experience in the field is permitted to state an opinion.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

## COUNT 1

Title 21, United States Code, Section 846, makes it a federal crime for anyone to conspire or agree with someone else to distribute and possess with intent to distribute cocaine.

A defendant can be found guilty of that crime only if all of the following facts are proved beyond a reasonable doubt:

First:   That on or about December 24, 2005 to February 5, 2007, two or more persons came to a mutual understanding to try to accomplish a common and unlawful plan, that is, to knowingly and intentionally distribute and possess with intent to distribute a substance containing cocaine; and

Second:   That such defendant knowingly and willfully became a member of such conspiracy.

Because the essence of a conspiracy is the making of the scheme itself, it is not necessary for the United States to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a defendant has an understanding of the unlawful nature of a plan and knowingly joins in that plan on one occasion, that is sufficient to convict that defendant for conspiracy even though such defendant had not participated before or played only a minor part. It is not necessary for the United States to prove that all of the people in the indictment were members of the scheme, or that those who were members had entered into any formal type of agreement.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of a conspiracy. Also, a person who

has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

Now, some of the people who may have been involved in these events are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

### Special Interrogatory as to Count 1

If you have found either or both of the defendants guilty as to Count 1, you must also decide beyond a reasonable doubt what quantity of the substance containing cocaine that such defendant conspired to distribute and possess with intent to distribute on or about the dates set forth in the third superseding indictment.  If you find a defendant guilty as to Count 1, you will complete the portion of Verdict Form A asking you to make this finding as to that defendant.

## GENERAL INSTRUCTIONS

### Counts 2, 4, 7, and 8

You will be instructed on each of these counts individually later in these instructions, but first I will provide you some general information which is applicable to all of these counts.

Counts 2, 4, 7, and 8 charge one or both defendants with possession or attempted possession of cocaine or cocaine base with intent to distribute the drug.

Cocaine and cocaine base are both "controlled substances" within the meaning of the law.

To "possession with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may also have sole possession or joint possession.

A person who has direct physical control of something on or around his person is then in actual possession of it.

A person who is not in actual possession, but who knowingly has both the power and the intention at a given time to exercise dominion and control over something, either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, possession is sole. If two or more persons share possession, possession is joint.

Whenever the word "possession" is used in these instructions, it includes actual and constructive possession, and also sole and joint possession.

The guilt of a defendant in a criminal case may be proved without evidence that he personally did every act involved in the commission of the crime charged. The law recognizes that ordinarily, anything a person can do for himself may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

If a defendant aids and abets another person by intentionally joining together with that person in the commission of a crime, then the law holds the defendant responsible for the conduct of that other person just as though the defendant had engaged in such conduct himself.

Notice however, that before any defendant can be held criminally responsible for the conduct of others it is necessary that the defendant associate in some way with the crime, and intentionally participate in it. Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

## COUNT 2

Title 21, United States Code, Section 846, makes it a federal crime for anyone to attempt to possess cocaine with intent to distribute it.

Rickey Calloway can be found guilty of that crime only if all of the following facts are proved beyond a reasonable doubt:

First: That Rickey Calloway intended to commit the crime of possession with intent to distribute a substance containing cocaine between June 8, 2006 and June 14, 2006; and

Second: That Rickey Calloway performed an act constituting a substantial step toward the commission of the crime of possessing with intent to distribute a substance containing cocaine which strongly confirms that Rickey Calloway intended to commit that crime.

With respect to the first element of attempt, you may not find Rickey Calloway guilty of attempt to commit the crime of possession with the intent to distribute cocaine merely because he thought about it. You must find that the evidence proved beyond a reasonable doubt that Rickey Calloway's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find Rickey Calloway guilty of attempt to commit the crime of possessing with intent to distribute cocaine merely because he made some plans to or some preparation for committing that crime. Instead, you must find that Rickey Calloway took some firm, clear action to accomplish his intent to commit that crime. However, the substantial step element does not require the United States to prove that the defendant did everything except the last act necessary to complete the crime.

The parties have stipulated, and it is therefore established and not in issue, that 30.36 kilograms of cocaine was seized from Calisa Shirley on June 14, 2006.

- 11 -

You will indicate your verdict as to this count on Verdict Form B.

### Special Interrogatory as to Quantity of a Controlled Substance

If you have found Rickey Calloway guilty as to Count 2, you must also decide beyond a reasonable doubt what quantity of a substance containing cocaine he attempted to possess with intent to distribute on or about the dates set forth in the indictment.

The parties have stipulated, and it is therefore established and not in issue, that the quantity of the substance was determined to be 30.36 kilograms.

If you have found the defendant guilty as to Count 2, you will complete the portion of Verdict Form B asking you to make this finding.

## COUNT 3

Title 18, United States Code, Section 1952(a)(3), makes it a federal crime for anyone to travel in interstate commerce for the purpose of carrying on certain unlawful activities.

Rickey Calloway can be found guilty of that crime only if all of the following facts are proved beyond a reasonable doubt:

First:   That on or about June 8, 2006 to June 14, 2006, the defendant aided and abetted others to travel in interstate commerce between Kentucky and Texas, as charged in the third superseding indictment;

Second:   That the defendant aided and abetted that travel with the intent to promote, manage, establish, carry on or facilitate an unlawful activity as defined herein; and

Third:   That the defendant thereafter knowingly and intentionally committed an act to promote manage, establish, carry on or facilitate that unlawful activity.

The term "interstate commerce" means transportation or movement between one state and another state.

While it must be proved that the defendant traveled in interstate commerce with the specific intent to promote, manage, establish, carry on, or facilitate a business enterprise, it need not be proved that such purpose was the only reason or motive prompting the defendant's travel.

The term "unlawful activity" includes any business enterprise involving possession with intent to distribute cocaine.

To constitute a "business enterprise," it is not necessary that the alleged unlawful activity be engaged in for any particular length of time, nor must it be proved that such activity constituted the primary pursuit or occupation of the defendant, or that it actually returned any profit.  What must be proved beyond a reasonable doubt is that the defendant did engage in a continuous course of

- 13 -

conduct or series of transactions for the purpose of profit, rather than casual, sporadic or isolated activity.

You will indicate your verdict as to this count on Verdict Form C.

## **COUNT 4**

Title 21, United States Code, Section 846, makes it a federal crime for anyone to attempt to possess cocaine with intent to distribute it.

Rickey Calloway or Luciana Meadoweal, or both of them, can be found guilty of that crime only if all of the following facts are proved beyond a reasonable doubt as to that defendant:

First:     That the defendant intended to commit the crime of possession with intent to distribute a substance containing cocaine between December 16, 2006 and December 18, 2006; and

Second:   That the defendant performed an act constituting a substantial step toward the commission of the crime of possessing with intent to distribute a substance containing cocaine which strongly confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find a defendant guilty of attempt to commit the crime of possession with the intent to distribute cocaine merely because that defendant thought about it.  You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find a defendant guilty of attempt to commit the crime of possessing with intent to distribute cocaine merely because that defendant made some plans to or some preparation for committing that crime.  Instead, you must find that the defendant took some firm, clear action to accomplish the intent to commit that crime.  However, the substantial step element does not require the United States to prove that the defendant did everything except the last act necessary to complete the crime.

The parties have stipulated, and it is therefore not in issue, that 8.999 kilograms of cocaine was seized on December 18, 2006.

- 15 -

You will indicate your verdicts as to this count on Verdict From D.

### Special Interrogatory as to Quantity of Controlled Substance

If you have found one or both defendants guilty as to Count 4, you must also decide beyond a reasonable doubt what quantity of the substance containing cocaine that such defendant attempted to possess.

The parties have stipulated, and it is therefore established and not in issue, that the quantity of the substance was determined to be 8.999 kilograms.

If you have found one or both defendants guilty as to Count 4, you will complete the portion of Verdict Form D asking you to make this finding.

### COUNT 5

Title 18, United States Code, Section 1952(a)(3), makes it a federal crime for anyone to travel in interstate commerce for the purpose of carrying on certain unlawful activities.

Rickey Calloway or Luciana Meadoweal, or both of them, can be found guilty of that crime only if all of the following facts are proved beyond a reasonable doubt as to that defendant:

First:   That on or about December 16, 2006 to December 18, 2006, the defendant aided and abetted travel in interstate commerce between Kentucky and Texas, as charged in the third superseding indictment;

Second:   That the defendant aided and abetted that travel with the intent to promote, manage, establish, carry on or facilitate an unlawful activity as defined herein; and

Third:   That the defendant thereafter knowingly and intentionally committed an act to promote manage, establish, carry on or facilitate that unlawful activity.

The term "interstate commerce" means transportation or movement between one state and another state.

While it must be proved that the defendant traveled in interstate commerce with the specific intent to promote, manage, establish, carry on, or facilitate a business enterprise, it need not be proved that such purpose was the only reason or motive prompting the defendant's travel.

The term "unlawful activity" includes any business enterprise involving possession with intent to distribute cocaine.

To constitute a "business enterprise," it is not necessary that the alleged unlawful activity be engaged in for any particular length of time, nor must it be proved that such activity constituted the primary pursuit or occupation of the defendant, or that it actually returned any profit. What must be proved beyond a reasonable doubt is that the defendant did engage in a continuous course of

- 17 -

conduct or series of transactions for the purpose of profit, rather than casual, sporadic or isolated activity.

You will indicate your verdict as to this count on Verdict Form E.

## COUNT 7

Title 21, United States Code, Section 841(a)(1) makes it a federal crime for anyone to possess cocaine base, commonly known as "crack," with intent to distribute it.

Rickey Calloway can be found guilty of that crime only if all of the following facts are proved beyond a reasonable doubt:

First:    That on or about February 5, 2007 Rickey Calloway knowingly and intentionally possessed with intent to distribute a substance containing cocaine base;

Second:  That he possessed the substance with the intent to distribute it.

The parties have stipulated, and it is therefore established and not in issue, that 26.3 grams of cocaine base was seized on February 5, 2007.

You will indicate your verdict as to this count on Verdict Form F.

**Special Interrogatory as to Quantity of a Controlled Substance**

If you have found Rickey Calloway guilty as to Count 7, you must also decide beyond a reasonable doubt what quantity of the substance containing cocaine base he possessed with intent to distribute on or about the date set forth in the third superseding indictment.

The parties have stipulated and it is therefore established and not in issue, that the quantity of the substance was determined to be 26.3 grams.

If you have found the defendant guilty as to Count 7, you will complete the portion of Verdict Form E asking you to make this finding.

## COUNT 8

Title 21, United States Code, Section 841(a)(1) makes it a federal crime for anyone to possess cocaine with intent to distribute it.

Rickey Calloway can be found guilty of that crime only if all of the following facts are proved beyond a reasonable doubt:

First:    That on or about February 5, 2007 Rickey Calloway knowingly and intentionally possessed with intent to distribute a substance containing cocaine;

Second:   That he possessed the substance with intent to distribute it.

The parties have stipulated, and it is therefore established and not in issue, that 872 grams of cocaine was seized on February 5, 2007.

You will indicate your verdict as to this count on Verdict From G.

### Special Interrogatory as to Quantity of a Controlled Substance

If you have found Rickey Calloway guilty as to Count 8, you must also decide beyond a reasonable doubt what quantity of the mixture or substance containing a detectable amount of cocaine he possessed on or about the date set forth in the third superseding indictment.

The parties have stipulated, and it is therefore established and not in issue, that the quantity of the substance was determined to be 872 grams.

If you have found the defendant guilty as to Count 8, you will complete the portion of Verdict Form G asking you to make this finding.

You will note that the indictment charges that the offenses were committed "on or about" certain dates.  The United States does not have to prove with certainty the exact date of the alleged offenses.  It is sufficient if the United States proves beyond a reasonable doubt that an offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term has been used in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "intentionally," as that term has been used in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids.

A separate crime is charged in each count of the indictment.  Each charge, and the evidence pertaining to it, should be considered separately.  Also, the case of each defendant should be considered separately and individually.  The fact that you may find one or both of the defendants guilty or not guilty of any of the offenses charged should not affect your verdict as to any other offense or any other defendant.

Each defendant is on trial only for the specific charges alleged in the indictment.  Also, the question of punishment should never be considered by the jury in any way in deciding the case.  If a defendant is convicted the matter of punishment is for the judge to determine.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will not have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

Forms of verdicts have been prepared for your convenience.

You will take the verdict forms to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict forms, date and sign them, and then return to the courtroom.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**FILED**

Jeffrey A. Apperson, Clerk

JAN 2 1 2009

U. S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA

vs.

NO. ___3:07CR-25-S___

<u>THIRD SUPERSEDING INDICTMENT</u>

21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(A)(ii)
21 U.S.C. § 841(b)(1)(B)
21 U.S.C. § 846

18 U.S.C. § 2

18 U.S.C. § 1952(a)(1)
18 U.S.C. § 1952(a)(3)

**RICKEY CALLOWAY**
**LUCIANA MEADOWEAL**

The Grand Jury charges:

<u>COUNT 1</u>

From in or about December 24, 2005, until on or about February 5, 2007, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendants,

**RICKEY CALLOWAY** and **LUCIANA MEADOWEAL,** knowingly conspired with each other and others known and unknown to the Grand Jury, to knowingly and intentionally possess with the intent to distribute and distribute five kilograms or more of a

mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance as defined by Title 21, United States Code, Section 812, in violation of Title 21, United States Code Section 841(a)(1).

In violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii).

The Grand Jury further charges:

## COUNT 2

Between on or about June 8, 2006 to June 14, 2006, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere,                    **RICKEY CALLOWAY**, defendant herein, knowingly and intentionally attempted to possess with the intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, as defined by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii).

2

The Grand Jury further charges:

COUNT 3

Between on or about June 8, 2006 and June 14, 2006, in the Western District of Kentucky, Jefferson County, the Eastern and Southern District of Texas, and elsewhere,

**RICKEY CALLOWAY,** defendant  herein, knowingly and willfully aided and abetted                    others, known and unknown, to travel in interstate commerce from the Commonwealth of Kentucky to the State of Texas, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, that is, a business enterprise involving narcotics and controlled substances, to wit: possession with intent to distribute cocaine, in violation of Title 21 United States Code, Sections 841(a)(1), 841(b)(1)(A)(ii); and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment, and carrying on of such unlawful activity.

In violation of Title 18, United States Code, Sections 1952(a)(1), 1952(a)(3) and 2.

3

The Grand Jury further charges:

## COUNT 4

Between on or about December 16, 2006 and December 18, 2006, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere,                         **RICKEY CALLOWAY** and **LUCIANA MEADOWEAL**, defendants herein, knowingly and intentionally attempted to possess with the intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, as defined by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii).

The Grand Jury further charges:

## COUNT 5

Between on or about December 16, 2006 and December 18, 2006, in the Western District of Kentucky, Jefferson County, the Eastern and Southern District of Texas, the Western District of Louisiana, St. Martin Parish, Louisiana and elsewhere,

**RICKEY CALLOWAY** and **LUCIANA MEADOWEAL**, defendants herein, knowingly and willfully aided and abetted each other and others, known and unknown, to travel in interstate commerce from the Commonwealth of Kentucky to the State of Texas, with the

4

intent to promote, manage, establish, carry on and facilitate the
promotion, management, establishment and carrying on of an
unlawful activity, that is, a business enterprise involving
narcotics and controlled substances, to wit: possession with
intent to distribute cocaine, in violation of Title 21 United
States Code, Sections 841(a)(1), 841(b)(1)(A)(ii); and thereafter
performed and attempted to perform an act to promote, manage,
establish and carry on, and to facilitate the promotion,
management, establishment, and carrying on of such unlawful
activity.

In violation of Title 18, United States Code, Sections
1952(a)(1), 1952(a)(3) and 2.

The Grand Jury further charges:

<u>COUNT 7</u>

On or about February 5, 2007, in the Western District of
Kentucky, Jefferson County, Kentucky, the defendant

**RICKEY CALLOWAY**      aided and abetted by
by others, known and unknown, did knowingly and

6

intentionally possess with the intent to distribute more than five grams of a mixture or substance containing cocaine base, commonly known as "crack," a Schedule II controlled substance as defined by Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and Title 18, United States Code, Section 2.

The Grand Jury further charges:

### COUNT 8

On or about February 5, 2007, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant

**RICKEY CALLOWAY**        aided and abetted

by others, known and unknown, did knowingly and intentionally possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance as defined by Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and Title 18, United States Code, Section 2.

7

A TRUE BILL.

FOREPERSON

*David L. Huber* FOR OCH

DAVID L. HUBER
UNITED STATES ATTORNEY

DLH:DPK:jb:012109

10

**VERDICT FORM A**
**Count 1**
*Conspiracy - December 24, 2005 - February 5, 2007*

| | District |
|---|---|
| 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔆𝔬𝔲𝔯𝔱 | Western District of Kentucky |
| **Case Title** | **Docket No.** |
| UNITED STATES OF AMERICA<br><br>v.<br><br>RICKEY CALLOWAY<br>LUCIANA DENISE MEADOWEAL | CRIMINAL ACTION NO. 3:07CR-25-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:**

The defendant, Rickey Calloway, _____ as to Count 1 of the third superseding indictment.
<span style="padding-left:8em">(guilty/not guilty)</span>

The defendant, Luciana Meadoweal, _____ as to Count 1 of the third superseding indictment.
<span style="padding-left:8em">(guilty/not guilty)</span>

If you found the defendant, Rickey Calloway, guilty as to Count 1, you will make the following determination:

We, the jury, find beyond a reasonable doubt that on or about the dates set forth in the third superseding indictment, the defendant, Rickey Calloway, conspired to distribute and possess with intent to distribute a substance containing cocaine in the amount of:

_____ 5 kilograms or more
_____ Less than 5 kilograms but 500 grams or more
_____ Less than 500 grams

If you found the defendant, Luciana Meadoweal, guilty as to Count 1, you will make the following determination:

We, the jury, find beyond a reasonable doubt that on or about the dates set forth in the third superseding indictment, the defendant, Luciana Meadoweal, conspired to distribute and possess with intent to distribute a substance containing cocaine in the amount of:

_____ 5 kilograms or more
_____ Less than 5 kilograms but 500 grams or more
_____ Less than 500 grams

| **Foreperson's Signature** | **Date** |
|---|---|
| | |

**VERDICT FORM B**
**Count 2**
*Attempt - June 8, 2006 - June 14, 2006*

| | District |
|---|---|
| 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 ℭ𝔬𝔲𝔯𝔱 | Western District of Kentucky |
| **Case Title**<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>RICKEY CALLOWAY<br>LUCIANA DENISE MEADOWEAL | **Docket No.**<br><br><br>CRIMINAL ACTION NO. 3:07CR-25-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:**

The defendant, Rickey Calloway, _____ as to Count 2 of the third superseding indictment.
(guilty/not guilty)

If you found the defendant, Rickey Calloway, guilty as to Count 2, you will make the following determination:

We, the jury, find beyond a reasonable doubt that on or about the dates set forth in the third superseding indictment, the defendant, Rickey Calloway, attempted to possess a substance containing cocaine in the amount of:

_____ 5 kilograms or more
_____ Less than 5 kilograms but 500 grams or more
_____ Less than 500 grams

| **Foreperson's Signature** | **Date** |
|---|---|
| | |

**VERDICT FORM C**
**Count 3**
*Travel in Connection with Drug Trafficking - June 8, 2006 - June 14, 2006*

| 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 ℭ𝔬𝔲𝔯𝔱 | **District**<br><br>Western District of Kentucky |
|---|---|
| **Case Title**<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>RICKEY CALLOWAY<br>LUCIANA DENISE MEADOWEAL | **Docket No.**<br><br><br>CRIMINAL ACTION NO. 3:07CR-25-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:**

The defendant, Rickey Calloway, _____ as to Count 3 of the third superseding indictment.
                                                         (guilty/not guilty)

| **Foreperson's Signature** | **Date** |
|---|---|
| | |

**VERDICT FORM D**
**Count 4**
*Attempt - December 16, 2006 - December 18, 2006*

| 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔠𝔬𝔲𝔯𝔱 | District<br><br>Western District of Kentucky |
|---|---|
| **Case Title**<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>RICKEY CALLOWAY<br>LUCIANA DENISE MEADOWEAL | **Docket No.**<br><br>CRIMINAL ACTION NO. 3:07CR-25-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:**

The defendant, Rickey Calloway, _____ as to Count 4 of the third superseding indictment.
                                      (guilty/not guilty)

The defendant, Luciana Meadoweal, _____ as to Count 4 of the third superseding indictment.
                                           (guilty/not guilty)

If you found the defendant, Rickey Calloway, guilty as to Count 4, you will make the following determination:

We, the jury, find beyond a reasonable doubt that on or about the dates set forth in the third superseding indictment, the defendant, Rickey Calloway, attempted to possess a substance containing cocaine in the amount of:

_____ 5 kilograms or more
_____ Less than 5 kilograms but 500 grams or more
_____ Less than 500 grams

If you found the defendant, Luciana Meadoweal, guilty as to Count 4, you will make the following determination:

We, the jury, find beyond a reasonable doubt that on or about the dates set forth in the third superseding indictment, the defendant, Luciana Meadoweal, attempted to possess a substance containing cocaine in the amount of:

_____ 5 kilograms or more
_____ Less than 5 kilograms but 500 grams or more
_____ Less than 500 grams

| **Foreperson's Signature** | **Date** |
|---|---|
|  |  |

**VERDICT FORM E**
**Count 5**
*Travel in Connection with Drug Trafficking - December 16, 2006 - December 18, 2006*

| | |
|---|---|
| | **District** |
| 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 ℭ𝔬𝔲𝔯𝔱 | Western District of Kentucky |
| **Case Title** | **Docket No.** |
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION NO. 3:07CR-25-S |
| RICKEY CALLOWAY LUCIANA DENISE MEADOWEAL | |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:**

The defendant, Rickey Calloway, _____ as to Count 5 of the third superseding indictment.
(guilty/not guilty)

The defendant, Luciana Meadoweal, _____ as to Count 5 of the third superseding indictment.
(guilty/not guilty)

| **Foreperson's Signature** | **Date** |
|---|---|
| | |

**VERDICT FORM F**
**Count 7**
*Possession with Intent to Distribute Cocaine Base - February 5, 2007*

| | |
|---|---|
| | **District** |
| 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔠𝔬𝔲𝔯𝔱 | Western District of Kentucky |
| **Case Title** | **Docket No.** |
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION NO. 3:07CR-25-S |
| RICKEY CALLOWAY LUCIANA DENISE MEADOWEAL | |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:**

The defendant, Rickey Calloway, _____ as to Count 7 of the third superseding indictment.
(guilty/not guilty)

If you found the defendant, Rickey Calloway, guilty as to Count 7, you will make the following determination:

We, the jury, find beyond a reasonable doubt that on or about the date set forth in the third superseding indictment, the defendant, Rickey Calloway, possessed a substance containing cocaine base in the amount of:

_____ 5 grams or more but less than 50 grams
_____ Less than 5 grams

| | |
|---|---|
| **Foreperson's Signature** | **Date** |

**VERDICT FORM G**
**Count 8**
*Possession with Intent to Distribute Cocaine - February 5, 2007*

| | |
|---|---|
| **United States District Court** | **District**<br><br>Western District of Kentucky |
| **Case Title**<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>RICKEY CALLOWAY<br>LUCIANA DENISE MEADOWEAL | **Docket No.**<br><br><br>CRIMINAL ACTION NO. 3:07CR-25-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:**

The defendant, Rickey Calloway, _____ as to Count 8 of the third superseding indictment.
                                                              (guilty/not guilty)

If you found the defendant, Rickey Calloway, guilty as to Count 8, you will make the following determination:

We, the jury, find beyond a reasonable doubt that on or about the date set forth in the third superseding indictment, the defendant, Rickey Calloway, possessed a substance containing cocaine in the amount of:

_____ Less than 5 kilograms but 500 grams or more
_____ Less than 500 grams

| | |
|---|---|
| **Foreperson's Signature** | **Date** |